IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.

                      Nos.   10-40035-01-SAC
                                 11-4083-SAC

DION M. LEE-SPEIGHT,

        Defendant.

MEMORANDUM AND ORDER

The defendant Dion Lee-Speight filed a motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 59) seeking relief on three issues. This court denied relief on all issues and denied issuance of a certificate of appealability ("COA"). (Dk. 63). Concluding that reasonable jurists could debate the dismissal of Mr. Mr. Lee-Speight's claim that counsel failed to file an appeal, the Tenth Circuit granted a COA on this issue alone and denied a COA on the other two contentions. (Dk. 71). On July 17, 2013, the Tenth Circuit filed its decision on the "sole claim" on appeal—the "alleged ineffective assistance of counsel in failing to file a notice of appeal." (Dk. 75, p. 3). The circuit panel reversed and remanded the case "with directions for the district court "to vacate its original judgment and further develop the factual record as necessary to resolve in the first instance the merits of his § 2255 motion." (Dk. 75, pp. 1-2). The panel

1

also ordered: "Further, as our consideration of this matter has been greatly aided by appointed counsel, we direct the district court to appoint new counsel to assist Mr. Lee-Speight in the proceedings before it." (Dk. 75, p. 8) (citation and footnote omitted).

In compliance with the Tenth Circuit's mandate, the court shall appoint counsel for Mr. Lee-Speight in this § 2255 proceeding to resolve the merits of the single remaining issue--whether his sentencing counsel was ineffective in failing to file a notice of appeal. At this point, the court declines to order an evidentiary hearing without first exercising its discretion to develop the record on this issue. As the Tenth Circuit noted, the district court retains the "flexibility" or discretion "to utilize alternative methods to expand the record without conducting an extensive hearing." (Dk. 75, p. 8 n.5). The Supreme Court has said that a § 2255 movant is not always entitled to a full hearing simply because the record "does not conclusively and expressly belie his claim." *Machibroda v. United States*, 368 U.S. 495 (1962). District courts retain the "discretion to exercise their common sense" and dispose of these issues without a hearing when a movant's factual allegations are "vague, conclusory or palpably incredible." *Id*. at 495-96.

Thus, the district court will give both sides 45 days to expand the record. The movant is expected to supply the factual details in support of his sworn statement that he requested his sentencing counsel to file a notice of

appeal. The government is expected to submit an affidavit from the sentencing counsel on the facts surrounding this § 2255 issue. The court will determine the need for an evidentiary hearing after reviewing the expanded record.

IT IS THEREFORE ORDERED that the defendant is appointed counsel to represent him in this § 2255 proceeding to resolve the merits of the single remaining issue--whether his sentencing counsel was ineffective in failing to file a notice of appeal;

IT IS FURTHER ORDERED that both sides will have 45 days from the filing date of this order to expand the record as discussed above.

Dated this 11th day of September, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge