IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                          Nos.  10-40035-01-SAC
                                        11-4083-SAC

DION M. LEE-SPEIGHT,

        Defendant.

MEMORANDUM AND ORDER

In July of 2013, the Tenth Circuit reversed in part the district court's decision that denied Mr. Lee-Speight's motion for relief pursuant to 28 U.S.C. § 2255. (Dk. 75). On the issue of defense counsel's ineffective assistance in not filing a notice of appeal, the circuit panel remanded the case "with directions to the district court to vacate its original judgment and further develop the factual record as necessary to resolve in the first instance the merits of" the § 2255 motion. (Dk. 75, p. 2). Upon receipt of the circuit's mandate, the court followed through by filing an order that appointed counsel for Mr. Lee-Speight and by providing the parties with 45 days to develop the factual record before deciding whether to order an evidentiary hearing. (Dk. 76).

In response, Mr. Lee-Speight filed a handwritten seven-page statement under penalty of perjury and also renewed his request for an

evidentiary hearing. (Dk. 82). The government was granted an extension of time and then filed the affidavit of Thomas Lemon, the counsel who represented Mr. Lee-Speight at sentencing. (Dk. 87). The court observed the apparent contradictions between the parties' submissions but believed the need for a hearing turned on whether additional conclusive proof existed on certain issues. Specifically, Mr. Lemon averred that he sent Mr. Lee-Speight a copy of the judgment on December 7, 2010, and that he was unaware of Mr. Lee-Speight attempting to contact his office by phone between December 1, 2010, and December 15, 2010. The court directed the government to expand the record with a copy and/or any proof of the mailing made on December 7, 2010, and with any additional proof of Mr. Lee-Speight attempting or not attempting to contact the law office of Mr. Lemon between those dates. (Dk. 88).

The government has filed two motions for leave to supplement the record in response to the court's request. (Dk. 89 and 90). The court grants both motions. The court allowed the defendant additional time to submit any further evidence in response to the government's latest supplementations. The defendant filed an additional affidavit and renewed his request for an evidentiary hearing. (Dk. 93)

As this case was remanded to develop the factual record "necessary to resolve in the first instance the merits of" Mr. Lee-Speight's motion "consistent with the discussion" in the Tenth Circuit's order, the court

looks to that order for a summary of the relevant law. (Dk. 75, p. 2).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "'[W]hen a lawyer . . . disregards specific instructions to perfect a criminal appeal [he] acts in a manner that is both professionally unreasonable and presumptively prejudicial.'" (Dk. 75, p. 4; quoting *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003); *see Peguero v. United States*, 526 U.S. 23, 28 (1999)). "In short, should Mr. Lee-Speight demonstrate that he actually requested (in a timely fashion) that his attorney file an appeal, this alone satisfies his burden under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] because no appeal was filed." (Dk. 75, p. 4)(citations omitted). Finally, the panel also noted:

> We pause to note here, as we did in our COA Order, that the "district court retains flexibility to utilize alternative methods to expand the record without conducting an extensive hearing." COA Order, at *11 n.5: *see, e.g., Machibroda v. United States*, 368 U.S. 487, 495 (1962) ("What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner."; *Ryan* [*v. United States*], 657 F.3d [604] at 608 [(7th Cir. 2011)] ("[W]e recognize that further factual development need not involve the full panoply of discovery techniques or even a hearing."); *see also* Rule 7(a) of the Rules Governing

3

> Section 2255 Proceedings for U.S. Dist. Cts. ("If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.").

(Dk. 75, p. 8 n.5). In this respect, the panel earlier observed that "sworn statements generally constitute competent evidence in a § 2255 action." (Dk. 75, p. 5 n.2) (citations omitted).

The primary issue is whether an evidentiary hearing is needed. From the expanded evidentiary record, the court considers whether the defendant's statement that he instructed his counsel to file a notice of appeal is conclusively and expressly belied or denied by other reliable evidence of record. (Dk. 82-1, pp. 1-7). The court finds an evidentiary hearing is necessary due to the contradictory averments submitted. The government's evidentiary submission of CCA telephone records show only the telephone calls that Mr. Lee-Speight "completed." (Dk. 89-1). The court cannot conclude that this evidence necessarily disproves Mr. Lee-Speight's statement that after receiving Mr. Lemon's December 1st letter he called Mr. Lemon's office "multiple" times "to no avail because no one would accept my phone calls." (Dk. 82-1). The transcript of the sentencing hearing does not reflect the defendant making a statement that his sentence was "grossly overstated." (Dk. 82-1). Nonetheless, the defendant did state that he "believe[d] that 96 months is greater than necessary" after referring to the offense of conviction, the statutory guidelines and some of the factors in 18

4

U.S.C. § 3553(a). The court will set this matter down for an evidentiary hearing absent other filings or stipulations.

IT IS THEREFORE ORDERED that the defendant's requests for an evidentiary hearing (Dks. 82 and 93) are granted, and an evidentiary hearing will be scheduled promptly with notice to the parties;

IT IS FURTHER ORDERED that government's motions for leave to supplement the record in response to the court's request (Dks. 89 and 90) are granted.

Dated this 7th day of January, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge